# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

ANGEL FERNANDO BONILLA, §
*et al.*, §
          Plaintiffs, §
 §
v. §         CIVIL ACTION NO. H-12-0409
 §
AMERICA'S SERVICING §
COMPANY, A DIVISION OF WELLS §
FARGO BANK, N.A., *et al.*, §
          Defendants. §

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs Angel Fernando Bonilla and Julianne Denise Lizama-Bonilla's Motion for Leave to File Second Amended Complaint[1] ("Motion to Amend") [Doc. # 4] and Motion to Remand [Doc. # 6]. Defendants filed Responses to the Motion to Amend [Doc. # 8] and to the Motion to Remand [Doc. # 7]. Having carefully reviewed the full record and applied governing legal authorities, the Court **grants** Plaintiffs' Motion to Amend and their Motion to Remand, and **remands** this case to the 270th Judicial District Court, Harris County, Texas.

This lawsuit arises out of the attempted foreclosure on a deed of trust securing a loan made in May 2006 on Plaintiffs' home in Houston, Texas. Defendant

---

[1] This will actually be Plaintiffs' fifth amended complaint.

America's Servicing Company ("ASC"), a division of Wells Fargo Bank, N.A. ("Wells Fargo") is the current servicer of the loan.  Plaintiffs allege Deutsche Bank National Trust Company ("Deutsche Bank") is the trustee for certain mortgage pass-through certificates.

Plaintiffs allege that Defendants posted their home for foreclosure on March 1, 2011.  They further allege that prior to the foreclosure date, ASC agreed to cancel the foreclosure and to consider Plaintiffs' request for a loan modification.  In April 2011, Defendants notified Plaintiffs that their home was posted for foreclosure on May 3, 2011.

On May 3, 2011, Plaintiffs filed the instant suit in Texas state court naming ASC and Deutsche Bank as the sole defendants.  Plaintiffs obtained a Temporary Restraining Order ("TRO") enjoining Defendants from foreclosing.

On May 13, 2011, Plaintiffs filed a First Amended Petition in state court, and again named only ASC and Deutsche Bank as Defendants.  On May 25, 2011, Defendants timely removed the case to federal court on the basis of diversity jurisdiction.  The case was docketed in federal court as Civil Action No. H-11-1974. That same day, shortly after the Notice of Removal was filed, Plaintiffs filed in state court a Second Amended Petition adding a real estate agent, Nahil Barakat ("Barakat"), as a Defendant.  Plaintiffs alleged in the Second Amended Petition that

Barakat repeatedly came by their home "to inform them that they had to vacate their home by Sunday, May 15, 2011, so that she could put their house on the market." Plaintiffs alleged also that Barakat told their children that "their parents would have to leave their house despite the fact that no eviction proceeding has taken place."

Plaintiffs filed a Motion to Remand Civil Action No. H-11-1974, contending there was a lack of federal subject matter jurisdiction because there was no complete diversity in light of Barakat's addition to the suit. Defendants responded in opposition that Plaintiffs' Second Amended Petition filed in state court was ineffective to destroy diversity jurisdiction because the pleading was docketed after the notice of removal and the state court's loss of jurisdiction.

On July 21, 2011, Plaintiffs filed a "First Amended Complaint"[2] [Doc. # 9] in Civil Action No. H-11-1974, naming Barakat as a Defendant and asserting against her claims for intentional infliction of emotional distress and a violation of the Texas Debt Collection Act. The Court construed the "First Amended Complaint" as a Motion to Amend to join a nondiverse defendant under Rule 19 of the Federal Rules of Civil Procedure, which the Court granted. *See* Memorandum and Order [Doc. # 15 in Civil Action No. 11-1974]. Absent complete diversity, the Court remanded Civil Action No. 11-1974 to state court.

---

[2]     This pleading is actually a third amended complaint.

After the case was remanded to state court, Plaintiffs filed a "First Amended Petition"[3] again naming Barakat as a defendant in the caption of the petition, but failing to assert any claims against Barakat.  Defendants again removed the case to federal court and the second removal was docketed as Civil Action No. 12-409, the currently pending lawsuit.

Plaintiffs filed their Motion to Amend, noting correctly that Barakat was named as a defendant in the "First Amended Petition" in state court and asserting that the intentional infliction of emotional distress claim against Barakat was inadvertently omitted from the body of the petition.  Defendants responded, arguing that Plaintiffs were attempting to "join a non-diverse defendant."  The record reflects, however, that Barakat was named as a party in the "First Amended Petition" and, therefore, there is no request to join Barakat, only a request to amend to assert an inadvertently omitted cause of action that was previously asserted against the non-diverse defendant.

There has been no scheduling order entered in this case and, as a result, the Motion to Amend is governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that leave to amend pleadings "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998).  Rule 15(a) "evinces a bias in favor of granting leave to amend."

---

[3]      The pleading actually is the fourth amended petition.

*Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (citations omitted). However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court."  *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citations and internal quotation marks omitted); *accord Goldstein*, 340 F.3d at 254; *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992), *aff'd*, 37 F.3d 1069, 1073 n.8 (5th Cir. 1994) (*en banc*). In deciding whether to grant leave to file an amended pleading, the district court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  *Wimm*, 3 F.3d at 139 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Goldstein*, 340 F.3d at 254; *United States v. Humana Health Plan of Texas Inc*, 336 F.3d 375, 386-87 (5th Cir. 2003).

The Court exercises its discretion to grant leave to amend.  The Court accepts Plaintiffs' assertion that the omission of the actual claim against Barakat, while naming her in the style of the state court petition, was inadvertent and not in bad faith or for a dilatory motive.  The Court finds there is no undue prejudice to Defendants. The allegations to be asserted against Barakat in the "Second Amended Complaint"

could state a claim for relief under Texas state law and, therefore, it appears that the amendment would not be futile. Accordingly, pursuant to Rule 15(a), the Court grants leave to amend.

Because the presence of Barakat, a non-diverse defendant, precludes this Court's subject matter jurisdiction, the Court will grant the Motion to Remand and this case will be remanded pursuant to 28 U.S.C. § 1447(e). Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Amend [Doc. # 4] is **GRANTED**. It is further

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 6] is **GRANTED** and this case will be **REMANDED** to the 270th Judicial District Court of Harris County, Texas for lack of subject matter jurisdiction.

The Court will issue a separate Remand Order.

SIGNED at Houston, Texas, this **30**[th] day of **April, 2012**.

_____
Nancy F. Atlas
United States District Judge